UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J.G. WAHLERT on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-cv-8055 ) |
| KOVITZ SHIFRIN NESBIT, an Illinois Professional corporation; and KALMAN MANAGEMENT, INC., an Illinois corporation, | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT KOVITZ SHIFRIN NESBIT'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Kovitz Shifrin Nesbit ("Kovitz") previously moved to dismiss the claims against Kovitz in Plaintiff's first amended complaint. On February 7, 2019, the Court granted Kovitz's motion to dismiss as to all of those claims, except Plaintiff's claim in Count VI under the Fair Debt Collection Practices Act ("FDCPA"). Thus, Kovitz, by its attorneys, answers the general allegations and Count VI of Plaintiff's first amended complaint as follows:

1. Plaintiff J.G. Whalert [*sic*] demands a jury and brings this putative class action to remedy an unlawful scheme engaged in by debt-collection law firm Kovitz Shifrin Nesbit (KSN), property manager Kalman Management Inc. (Kalman) and Loch Lomond Property Owner's Association (LLPOA), a voluntary beneficial organization that owns a lake and parks subject to perpetual easements owned by lot owners like Plaintiff.

**ANSWER:** Kovitz admits that Plaintiff has filed a lawsuit against Kovitz, Kalman, and the LLPOA. Kovitz denies that Kovitz engaged in any wrongdoing, and denies that Plaintiff is entitled to any relief against Kovitz. Kovitz lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

2. This case is brought on behalf of Plaintiff and similarly situated persons in the Loch Lomond Community consisting of subdivisions of the first subdivision Loch Lomond,

Loch Lomond Unit No. 2 and Loch Lomond No. 3, who own easement rights running with the land to Loch Lomond lake and parks in Mundelein, Illinois.

**ANSWER:** Kovitz admits that Plaintiff has brought this case as a putative class action under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate, and denies that Plaintiff is entitled to any relief against Kovitz. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

3. On October 22, 2015, KSN and the LLPOA recorded a document that attempted to convert this voluntary association into a homeowner's association that could collect assessments from property owners who had easements to the lake.

**ANSWER:** Kovitz denies the allegations in this paragraph.

4. On November 7, 2016, KSN then sent a debt collection letter to Plaintiff and class members attempting to collect bogus debts related to the false document recorded on October 22, 2015. See Exhibit 7.

**ANSWER:** Kovitz admits that, around November 6, 2016, Kovitz sent to a letter to Plaintiff. Kovitz admits that Exhibit 7 to Plaintiff's amended complaint appears to be a copy of that letter. Kovitz admits that Kovitz sent this letter to other property owners in the development. Kovitz denies the remaining allegations in paragraph 4.

5. As explained by name partner of KSN, Jordan Shifrin, in a 2010 ICLE publication, in a manner consistent with the holding in Lakeland Property Owners Association v. Larson, 121 Ill.App.3d 805, 459 N.E.2d 1164, (Ill. App. 2nd Dist. 1984),

> "In order to create a ... homeowners' association, there must be a unanimous subscription to an underlying document by the owners of the property ...Anything less creates a "voluntary" association in which membership is not mandatory and rules are not enforceable against nonmembers." (emphasis added) — Attorney Jordan I. Shifrin of KOVITZ SHIFRIN NESBIT (Illinois Condominium Law, 10.6, ICLE 2010 edition)

**ANSWER:** Kovitz admits that this paragraph quotes a portion of an ICLE article. Kovitz denies any remaining allegations in this paragraph.

2

6.  There was never any unanimous subscription to an underlying document by the owners of the subject property owned by Plaintiff and the class members.

**ANSWER:** Kovitz admits that Plaintiff has brought this case as a putative class action under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate, and denies that Plaintiff is entitled to any relief against Kovitz. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

7.  Plaintiff contends that the LLPOA and its agents KSN and Kalman have no right to collect money as a homeowner's association and also have no right to interfere with the easement rights of Plaintiff and class members.

**ANSWER:** Kovitz admits that Plaintiff brings claims against Kovitz, Kalman, and the LLPOA. Kovitz admits that Plaintiff seeks to pursue those claims as a class action. Kovitz denies that class certification is appropriate. Kovitz denies any remaining allegations in this paragraph.

8.  Kalman and the LLPOA have taken active measures to block access to the lake by maintaining gates that block free access to the lake and parks by perpetual easement owners.

**ANSWER:** Kovitz denies that it improperly restricted access to anything or engaged in improper collection efforts. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

9.  Plaintiff brings a claim under the Fair Debt Collection Practices Act ("FDCPA [*sic*]) against Defendant KSN for mailing debt collection letters to easement owners for bogus debts to Plaintiff and similarly situated subclass members on or around November 7, 2016.

**ANSWER:** Kovitz admits that Plaintiff has brought a claim against Kovitz relating to the November 7, 2016 letter. Kovitz admits that Plaintiff seeks to pursue this claim as a class action. Kovitz admits that Plaintiff has brought this case as a putative class action under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules

of Civil Procedure, class certification is appropriate, and denies that Plaintiff is entitled to any relief against Kovitz. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph. Kovitz denies the remaining allegations in this paragraph.

10. Plaintiff also brings state law claims for tortious interference, trespass to easements, slander of title, private nuisance and violation of the Illinois Consumer Fraud and Deceptive Practices Act against Kalman, LLPOA and KSN.

**ANSWER:** Kovitz admits that, in Plaintiff's amended complaint, Plaintiff raised claims against Kovitz under state law. Kovitz affirmatively states all of Plaintiff's state-law claims against Kovitz have been dismissed.

11. Plaintiff and the class members have lost use of their easements to Loch Lomond lake and parks and have been subjected to malicious debt-collection harassment.

**ANSWER:** Kovitz denies the allegations in this paragraph.

12. Plaintiff and the class members seek damages, including loss of use of the easement, loss of equity in their property due to the physical obstruction of their easement rights which run with the land and form an inalienable part of their property interests and the lien put on their property, punitive damages and equitable relief.

**ANSWER:** Kovitz admits that Plaintiff has brought this case as a putative class action under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Kovitz denies that, after the Court granted Kovitz's motion to dismiss, Plaintiff has existing claims against Kovitz for loss of equity in their property due to the physical obstruction of their easement rights which run with the land and form an inalienable part of their property interests and the lien put on their property, punitive damages and equitable relief. Kovitz denies any remaining allegations in paragraph 12.

13. This court has original jurisdiction in this action because the matters in dispute involve federal laws arising under the FDCPA, 15 USC § 1692 et. seq.

**ANSWER:** Kovitz admits that, because Plaintiff has filed a claim under the FDCPA, the Court has jurisdiction. Kovitz denies any remaining allegations in this paragraph.

14. In addition to primary federal jurisdiction, this court has supplemental jurisdiction pursuant to 28 USC § 1367 over the state claims because they arise from the same nexus of facts as the federal claim.

**ANSWER:** Kovitz denies that Plaintiff has state-law claims remaining against Kovitz. Kovitz denies that Plaintiff's state-law claims arise from the same nexus of facts as Plaintiff's sole-remaining claim against Kovitz under the FDCPA.

15. Venue is proper in this District under 28 USC § 1391(b)(2) and 18 USC 1965(a) because, as described more fully below, all of the actions of the Defendants giving rise to the injuries complained of occurred in this District.

**ANSWER:** Kovitz does not contest venue. Kovitz denies that Kovitz engaged in any conduct causing injury to Plaintiff. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 15.

16. Plaintiff J.G. Wahlert is a lot owner in the Loch Lomond Community by virtue of his ownership of a lot in Loch Lomond No. 2 and therefore owns a perpetual easement to Loch Lomond lake and parks.

**ANSWER:** Kovitz lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. Defendant KSN is a debt collection law firm located in Illinois which acted as a debt collector for Defendant LLPOA.

**ANSWER:** Kovitz objects that, because the allegations in this paragraph do not identify a specific debt, the term "debt collection" is vague and ambiguous. Kovitz admits that it is a professional corporation, incorporated under Illinois law. Kovitz admits that, in connection with the collection of certain debts (*i.e.*, debts constituting "consumer debts" under the Fair Debt Collection Practices Act), Kovitz is a debt collector under the Fair Debt Collection Practices Act. Kovitz admits that, in addition to providing other legal services, Kovitz regularly collects

5

purported consumer debts owed to third parties. Kovitz affirmatively states that, because Kovitz regularly collects purported consumer debts owed to third parties, Kovitz is, in some instances, a debt collector under the FDCPA. Kovitz admits that, around November 7, 2017, Kovitz sent to Plaintiff a letter seeking payment for assessments. Kovitz lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph.

18. Defendant Kalman is a property manager located in Illinois.

**ANSWER:** Kovitz admits that Kalman provides property-management services in Illinois. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

19. Defendant LLPOA is a voluntary membership association that owns Loch Lomond lake and parks in Mundelein Illinois.

**ANSWER:** Kovitz admits that the LLPOA owns the Loch Lomond lake and parks. Kovitz denies that the charter states that the Loch Lomond Property Owners Association was incorporated as a voluntary-membership association. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

20. This case is brought on behalf of a "Perpetual Easement Owner" class and a FDCPA subclass. The class is defined as owners of property in the Loch Lomond Subdivisions created in 1954, 1955 and 1956, with perpetual easements to the Loch Lomond parks and lake. The subclass consists of all class members who received a collection letter substantially similar to Exhibit A from Defendant KSN since November 2016.

**ANSWER:** Kovitz admits that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Kovitz denies any remaining allegations in this paragraph.

21. The class and subclass meet the requirements of Rule 23.

**ANSWER:** Kovitz admits that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Kovitz denies any remaining allegations in this paragraph.

22. The class is so numerous that joinder of class members is impracticable. The class consists of hundreds of lot owners and the subclass, on information and belief, consists of dozens of consumers.

**ANSWER:** Kovitz admits that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Kovitz denies any remaining allegations in this paragraph.

23. There are questions of law or fact common to the class including:

(A) Whether KSN violated the FDCPA by attempting to collect debts not authorized by law or any contract from subclass members;

(B) Whether Kalman and the LLPOA committed a trespass to class members' easement by maintaining gates that block free access to the lake;

(C) Whether the LLPOA and KSN committed slander of title by recording the 2015 Declaration;

(D) Whether the LLPOA and KSN are maintaining a private nuisance by maintaining gates that block easement owners from having free access to the entrance-way parks to the Loch Lomond lake and the Loch Lomond lake;

(E) Whether the LLPOA, Kalman and KSN have tortiously interfered with class members' rights;

(F) Whether KSN, Kalman and the LLPOA have violated the Illinois Consumer Fraud and Deceptive Practices Act.

**ANSWER:** Kovitz admits that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of

Civil Procedure, class certification is appropriate. Kovitz denies the remaining allegations in this paragraph.

24. The claims of the class representatives are typical of those of the class and subclass.

**ANSWER:** Kovitz admits that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Kovitz denies the remaining allegations in this paragraph.

25. The class representatives will fairly and adequately protect the interests of the class. Wahlert has no conflicts with other class members and has retained counsel with experience in class actions.

**ANSWER:** Kovitz admits that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Kovitz denies the remaining allegations in this paragraph.

26. There are common questions of law or fact that predominate over any individual class member's questions and a class action is superior to other methods of adjudication.

**ANSWER:** Kovitz admits that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Kovitz denies the remaining allegations in this paragraph.

27. In the 1950s, Arthur T. McIntosh & Company developed property in Mundelein, Illinois for the purpose of selling homes around Loch Lomond lake.

**ANSWER:** Kovitz admits that, in 1954, Arthur T. McIntosh & Company was the owner of Loch Lomond subdivision, Loch Lomond subdivision Unit No. 2, and Loch Lomond subdivision Unit No. 3. Kovitz admits that, in the 1954 declarations of restrictions and

easements relating to these subdivisions, Arthur T. McIntosh & Company stated that it was "the intention of [Arthur T. McIntosh & Company] that the Subdivision[s] be developed into a protected community of homes." Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

28. As part of the development, Arthur T. McIntosh & Company recorded three documents entitled Declaration of Restrictions and Easements. See Exhibits 1, 2 and 3.

**ANSWER:** Kovitz admits that, in 1954, Arthur T. McIntosh & Company was the owner of Loch Lomond subdivision, Loch Lomond subdivision Unit No. 2, and Loch Lomond subdivision Unit No. 3. Kovitz admits that, in the 1954 declarations of restrictions and easements relating to these subdivisions, Arthur T. McIntosh & Company stated that it was "the intention of [Arthur T. McIntosh & Company] that the Subdivision[s] be developed into a protected community of homes." Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

29. These documents establish perpetual easements "in, upon, over and across the Lake" and "in, upon, over and across the real estate" identified in the declarations as parks.

**ANSWER:** Kovitz admits that the 1954 declarations provide a "perpetual easement in, upon, over and across…'Lomond Park.'" Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

30. Notably, the Declaration does not require payment of any assessments to use the easement.

**ANSWER:** Kovitz admits that the declarations do not reference assessments. Kovitz denies any remaining allegations in this paragraph.

31. In 1957, after the easements has been granted, the LLPOA was chartered by 10 lot owners. See Exhibit 4.

9

**ANSWER:** Kovitz admits that the LLPOA was incorporated in 1957. Kovitz denies that the charter states that only 10 property owners incorporated the LLPOA. Kovitz lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

32. The purpose of the association was stated, "To promote the civic, educational, patriotic, economic, social and charitable purpose of the community known as Loch Lomond, to bring together the members of said community to the end that the strength of their common efforts and unity will result in benefit to all."

**ANSWER:** Kovitz admits that this paragraph quotes a portion of the Loch Lomond Property Owners Association's charter. Kovitz denies any remaining allegations in this paragraph.

33. The LLPOA charter did not create a homeowners' association.

**ANSWER:** Kovitz admits that the charter does not state that the LLPOA is a homeowners' association. Kovitz denies any remaining allegations in this paragraph.

34. The LLPOA was created as a voluntary membership association.

**ANSWER:** Kovitz denies that the charter states that the Loch Lomond Property Owners Association was incorporated as a voluntary-membership association. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

35. In 1961, Arthur T. McIntosh & Company deeded ownership of the Lake and Park to the LLPOA subject to easements of lot owners. See Exhibit 5.

**ANSWER:** Kovitz admits that the 1961 deed states that Arthur T. McIntosh & Company grants ownership of the lake and other areas to the Loch Lomond Property Owners Association subject to the "restrictions, rights and easements declared, granted and reserved in the

declarations of restrictions and easements recorded in the office of the Recorder of Deeds."
Kovitz denies any remaining allegations in this paragraph.

36. This act did not create a homeowners' association.

**ANSWER:** Kovitz admits that the 1961 deed does not identify the LLPOA as a homeowners' association. Kovitz denies any remaining allegations in this paragraph.

37. Over the years, the LLPOA sought to assert itself as a mandatory membership association by recording various documents.

**ANSWER:** Kovitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38. The LLPOA knew that it had no right to collect the dues under the law but persisted in its efforts.

**ANSWER:** Kovitz denies the allegations in this paragraph.

39. The LLPOA started blocking access to the lake by maintaining gates to the entrance-way parks to the lake and the lake.

**ANSWER:** Kovitz lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40. These efforts culminated in 2015 when KSN and the LLPOA recorded a new document entitled, "Amended and Restated Declaration of Restrictions and Easements for Loch Lomond Property Owners Association". See Exhibit 6.

**ANSWER:** Kovitz denies the allegations in paragraph 40.

41. This document falsely stated that the LLPOA was, "incorporated under the laws of the State of Illinois to administer and enforce the covenants, conditions, restrictions, easements, charges and liens,…".

**ANSWER:** Kovitz denies the allegations in this paragraph.

42. The 1957 charter makes it clear that the LLPOA was incorporated as a voluntary membership association not to administer and enforce land use restrictions.

11

**ANSWER:** Kovitz denies that the 1957 charter states that the LLPOA is incorporated as a voluntary membership association or to administer and enforce land use restrictions. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

43. The 2015 Declaration was not passed by a unanimous vote of the subject property owners.

**ANSWER:** Kovitz admits that the 2015 Declaration states that it is adopted pursuant to a vote of two third of the Owners of the LLPOA. Kovitz denies any remaining allegations in this paragraph.

44. The 2015 Declaration purported to mandate payment of assessments and allowed for late fees, costs and reasonable attorney's fees against those who did not pay the assessments.

**ANSWER:** Kovitz admits that the 2015 Declaration states, among other things, that owners "covenant[s] and agree…to pay to the Association such assessments as are levied pursuant to the provisions of this Declaration." Kovitz admits that the 2015 Declaration states, among other things, that such assessments, "together with interest thereon and cost of collection, if any, as hereinafter provided. Shall be a charge and continuing lien upon the Dwelling or Lot against which such assessment is made." Kovitz admits that the 2015 Declaration states, among other things, that the LLPOA "may bring an action against the Owner personally obligated to pay assessments and recover the same, including interest, late fees, costs, and reasonable attorneys' fees for any such action…." Kovitz denies any remaining allegations in this paragraph.

45. The 2015 Declaration purported to create a lien and personal obligation upon each owner of the subject property which, "shall pass to his successors in title and shall also constitute a lien on the land effected thereby until fully paid."

**ANSWER:** Kovitz admits that the 2015 Declaration states, among other things, that owners "covenant[s] and agree…to pay to the Association such assessments as are levied

12

pursuant to the provisions of this Declaration." Kovitz admits that the 2015 Declaration states, among other things, that such assessments, "together with interest thereon and cost of collection, if any, as hereinafter provided. Shall be a charge and continuing lien upon the Dwelling or Lot against which such assessment is made." Kovitz admits that the 2015 Declaration states, among other things, that the LLPOA "may bring an action against the Owner personally obligated to pay assessments and recover the same, including interest, late fees, costs, and reasonable attorneys' fees for any such action…." Kovitz admits that the 2015 Declaration states, among other things, that "Such personal obligation shall pass to his successors in title and shall also constitute a lien on the land effectuated thereby until fully paid." Kovitz denies any remaining allegations in this paragraph.

46. The 2015 Declaration purported to give the right to the LLPOA Board, "the right to declare said default a forcible detainer of the Dwelling and shall have the right,.. to enter and take possession of the Dwelling from any defaulting owner."

**ANSWER:** Kovitz admits that the 2015 Declaration states, among other things, that, under certain circumstances, the LLPOA Board may "declare [a] default a forcible detainer of the Dwelling and shall have the right, on behalf of the other Owners, to enter and take possession of the dwelling from any defaulting Owner…" Kovitz denies any remaining allegations in this paragraph.

47. KSN and the LLPOA recorded this document with knowledge that there was never a unanimous subscription to any property owners' association and that the original easements do not require mandatory membership in the LLPOA or mandate payment of assessments.

**ANSWER:** Kovitz denies the allegations in this paragraph.

48. Despite this knowledge, KSN sent a collection letter to subclass members that demanded payment of assessments and attorney's fees on or about November 7, 2016. See Exhibit 7.

**ANSWER:** Kovitz denies the allegations in this paragraph.

13

49. To this date, the LLPOA and Kalman continue to obstruct access to the Lake by maintaining gates.

**ANSWER:** Kovitz lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNTS I-V

These counts have been dismissed against Kovitz. Thus, Kovitz does not answer these counts.

## COUNT VI

77. Plaintiff incorporates paragraphs 1-76 into this Count.

**ANSWER:** Kovitz incorporates its answers to the preceding paragraphs.

78. This claim is brought on behalf of the subclass.

**ANSWER:** Kovitz admits that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Kovitz denies the remaining allegations in this paragraph.

79. KSN is a debt collector.

**ANSWER:** Kovitz objects that, because the allegations in this paragraph do not identify a specific debt, the term "debt collector" is vague and ambiguous. Kovitz admits that, in connection with the collection of certain debts (*i.e.*, debts constituting "consumer debts" under the FDCPA), Kovitz is a debt collector under the Fair Debt Collection Practices Act. Kovitz admits that, in addition to providing other legal services, Kovitz regularly collects purported consumer debts owed to third parties. Kovitz affirmatively states that, because Kovitz regularly collects purported consumer debts owed to third parties, Kovitz is, in some instances, a debt

collector under the FDCPA. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph.

80. KSN regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

**ANSWER:** Kovitz admits that, in addition to providing other legal services, Kovitz regularly collects purported consumer debts owed to third parties. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

81. KSN regularly attempts to collect debts such as purported assessments that are allegedly in default.

**ANSWER:** Kovitz admits that, in addition to providing other legal services, Kovitz regularly collects defaulted assessments owed to third parties. Kovitz lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

82. KSN attempted to collect allegedly defaulted obligations of a consumers [*sic*] to pay money arising out of a transaction in which the property which was the subject of the transaction is primarily for personal, family, or household purposes from Plaintiff and subclass members.

**ANSWER:** Kovitz admits that Kovitz sent Plaintiff a letter requesting payment for defaulted assessments. Kovitz admits that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Kovitz lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

83. KSN sent a form collection letter dated November 7, 2016 to Plaintiff and subclass members that sought to collect alleged consumer debts in default.

15

**ANSWER:** Kovitz admits that Kovitz sent Plaintiff and others a letter dated November 7, 2016 requesting payment on defaulted assessments. Kovitz admits that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Kovitz lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

84. In that letter, KSN sought to collect debts purportedly created by the false debt instrument recorded on October 22, 2015 by KSN and Kalman.

**ANSWER:** Kovitz denies the allegations in this paragraph.

85. This collection effort caused damages to Plaintiff and subclass members by causing an in terrorem effect by threatening a lawsuit based upon a false debt instrument.

**ANSWER:** Kovitz denies the allegations in this paragraph.

86. The collection letter of KSN violated the FDCPA.

**ANSWER:** Kovitz denies the allegations in this paragraph.

87. KSN violated 15 USC § 1692e, which prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**ANSWER:** Kovitz denies the allegations in this paragraph.

88. KSN violated 15 USC § 1692e(2)(A), which prohibits the false representation of the character, amount, or legal status of any debt.

**ANSWER:** Kovitz denies the allegations in this paragraph.

89. KSN violated 15 USC § 1692e(5), which prohibits threatening to take any action that cannot legally be taken or that is not intended to be taken;

**ANSWER:** Kovitz denies the allegations in this paragraph.

90. KSN violated 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt;

**ANSWER:** Kovitz denies the allegations in this paragraph.

91. KSN violated 15 USC § 1692f, which prohibits using unfair or unconscionable means to collect or attempt to collect any debt; and

**ANSWER:** Kovitz denies the allegations in this paragraph.

92. KSN violated 15 USC § 1692f(1), which prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**ANSWER:** Kovitz denies the allegations in this paragraph.

93. Plaintiff and subclass members seek damages against KSN for its unlawful collection efforts.

**ANSWER:** Kovitz admits that Plaintiff seeks damages against Kovitz. Kovitz admits that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Kovitz denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Kovitz denies any remaining allegations in this paragraph.

WHEREFORE, Kovitz respectfully requests that this Court enter judgment in Kovitz's favor and against Plaintiff, and award Kovitz its costs and such other relief as this Court deems proper.

Date: March 1, 2019            **KOVITZ SHIFIN NESBIT,**
                                         Defendant

                                        By: s/ Jonathan N. Ledsky
                                               One of Its attorneys

Jonathan N. Ledsky (Jonathan.Ledsky@huschblackwell.com)
Scott J. Helfand (Scott.Helfand@huschblackwell.com)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606-3913
312-655-1500

## CERTIFICATE OF SERVICE

I, Jonathan N. Ledsky, an attorney, hereby certify that a true and correct copy of the foregoing, **Defendant Kovitz Shifrin Nesbit's Answer to Plaintiff's First Amended Complaint**, was served electronically upon counsel of record by the filing of said document through the Court's electronic filing system this 1st day of March 2019.

s/ Jonathan N. Ledsky