**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **J.G. WAHLERT** on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>**KOVITZ SHIFRIN NESBIT**, a professional corporation, **KALMAN MANAGEMENT, INC.**, and **LOCH LOMOND PROPERTY OWNERS ASSOCIATION**,<br><br>    Defendants. | No. 17-cv-8055<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Gabriel A. Fuentes |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF NON-FILING OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In response to Plaintiff's Notice of Non-Filing of Plaintiff's Motion for Summary Judgment ("Notice"), Defendants—Kovitz Shifrin Nesbit ("Kovitz"), Kalman Management, Inc. ("Kalman"), and Loch Lomond Property Owners Association ("LLPOA")—submit this short filing to confirm their intention to move for summary judgment pursuant to this Court's recent orders (*see* 1-14-21 Order, Dkt. #180; 2-26-2021 Order, Dkt. #184), and request that any briefing on class certification be deferred until after a ruling on Defendants' summary judgment motions. In this regard, Defendants state:

1.     As Plaintiff notes in his Notice, the Seventh Circuit has recognized for decades that a defendant may properly seek summary judgment before a court considers whether class certification is proper. *See Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995) (finding it proper that defendant sought summary judgment before consideration of class certification). The Seventh Circuit has explained that proceeding this way can increase

efficiencies and avoid wasted effort. *See id.* After all, if the defendant prevails on the merits at summary judgment, the parties and the court can avoid the cost and burden of dealing with class certification. *See Cowen*, 70 F.3d at 941; *see also* 3 NEWBERG ON CLASS ACTIONS § 7:10 (5th ed.) ("[C]ourts have been willing to rule on motions for summary judgment prior to class certification in circumstances in which it would facilitate efficient resolution of the case," and, "[i]f the defendant prevails on the summary judgment motion, in most circumstances, the court will be relieved of the need to rule on the issue of class certification."). More recently, Rule 23 was revised to reflect this reality. *See* FED. R. CIV. P. 23 advisory committee note to 2003 amendment.

2. Of course, when a defendant elects to proceed this way, the defendant waives the protection of the rule against one-way intervention. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 n. 3 (7th Cir. 2016) (recognizing that a defendant may choose to proceed on the merits before class certification and noting that the Seventh Circuit has "looked upon such procedure favorably"); *see also Taha v. Cty. of Bucks*, 862 F.3d 292, 298-300 (3d Cir. 2017) (finding that defendant waived protection of rule against one-way intervention when the parties proceeded without objection on cross motions for summary judgment).

3. By contrast, if a defendant opposes having a ruling on the merits before consideration of class certification, the one-way-intervention rule generally precludes consideration of the merits before class certification. *See Costello*, 810 F.3d at 1057-58.

4. Here, to streamline things, the parties had previously agreed to brief summary judgment at the same time. Defendants still intend to move for summary judgment before any briefing on class certification. Under this Court's recent order, Defendants' summary judgment motions are due April 26. (*See* 2-26-2021 Order, Dkt. #184.)

2

5. Addressing these motions before a potential motion on class certification makes particular sense here. This case involves a decades-old dispute between Plaintiff and the LLPOA regarding Plaintiff's refusal to pay his share of the costs to maintain a lake and parks in the property development where Plaintiff lives. (*See* 2-7-19 Memorandum & Opinion, Dkt. #93, pp. 2-4.) Unlike the vast majority of his neighbors, Plaintiff refuses to pay assessments to contribute to the upkeep of the common property. Instead, Plaintiff sued the LLPOA and the LLPOA's property-management company (*i.e.*, Kalman), alleging various state common-law and statutory claims. (*See id.*, p. 1.) Plaintiff also sued Kovitz, alleging that, in sending a letter seeking to assist the LLPOA in collecting assessments, Kovitz violated state common law and statutory law, and the Fair Debt Collection Practices Act ("FDCPA"). (*See id.*) Plaintiff brings his claims as a putative class action. (*See id.*)

6. This Court dismissed Plaintiff's state-law claims against Kovitz. (*See id.*, pp. 6-7.) In addition, this Court dismissed the state statutory claim against LLPOA and Kalman. (*See id.*) Thus, the only claims that remain are Plaintiff's common-law claims against LLPOA and Kalman, and Plaintiff's FDCPA claim against Kovitz. (*See id.*, pp. 1, 6-7.)[1]

7. Now, instead of filing his summary-judgment brief, Plaintiff filed his Notice. There, Plaintiff states that, to avoid concerns about one-way intervention, Plaintiff has elected not to file a motion for summary judgment. (*See* Pl.'s Notice, ¶¶ 2-10.) Defendants do not take a position on Plaintiff's asserted reasons for not seeking summary judgment.[2]

---

[1] In his Notice, Plaintiff claims that, although he chooses not to seek summary judgment, he is confident that he would obtain summary judgment on his claims under *Lakeland Property Owners Association v. Larson*, 121 Ill. App. 3d 805 (2d Dist. 1984). *See* Pl.'s Notice, ¶ 10. Defendants, of course, disagree. As Defendants will advance in their motion for summary judgment, other relevant authority—including the more-recent decision in *Zito v. Gerken*, 225 Ill. App. 3d 79, 81 (1st Dist. 1992)—dooms Plaintiff's claims as a matter of law.

[2] That said, in his Notice, Plaintiff asserts that—based on *Costello* and *Matter of Navistar MaxxForce Engines Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 20-1821, 2021 WL 925805 (7th Cir. Mar. 11,

8. In any event, as noted, Defendants intend to proceed with summary judgment pursuant to this Court's orders. (*See* Dkt. #180, 184.) Proceeding in this way, and having summary judgment decided prior to any class certification briefing, will preserve the parties' and Court's resources.

**WHEREFORE**, Defendants respectfully request that this Court: (1) maintain the summary judgment briefing schedule with regards to Defendants' upcoming motions for summary judgment previously entered by this Court's Order (*see* Dkt. #184), (2) defer any briefing on class certification until after Defendants' summary judgment motions are decided, and (3) award any other further relief this Court deems equitable and just.

**Dated: March 31, 2021**                                                                              **Respectfully submitted,**

---

2021)—Plaintiff is concerned that his moving for summary judgment might trigger a one-way-intervention problem. Yet neither *Navistar* nor *Costello* has much relevance here. In *Navistar*, the Seventh Circuit recognized that, if a putative class member can pursue parallel litigation over a defendant's objection and without electing whether to opt out of a class settlement, the putative class member can decide whether to accept the settlement only after the putative class member finds out if he or she gets a better result in the parallel litigation. *See* 2021 WL 925805, at * 2. In *Costello*, the Seventh Circuit stressed that one-way-intervention issue arises when the *defendant objects* to proceeding on summary judgment before class certification. *See* 810 F.3d at 1058.

| | |
|---|---|
| **KALMAN MANAGEMENT, INC. and LOCH LOMOND PROPERTY OWNERS ASSOCIATION**,<br>Defendants<br><br>By: s/John C. Ochoa<br>    One of Their Attorneys<br><br>Molly A. Arranz<br>marranz@salawus.com<br>John C. Ochoa<br>jochoa@salawus.com<br> SmithAmundsen LLC<br>150 North Michigan Avenue, Suite 3300<br>Chicago, IL 60601<br>(312) 894-3200 | **KOVITZ SHIFRIN NESBIT, a Professional Corporation,**<br>Defendant<br><br>By: s/ Scott J. Helfand<br>One of Its Attorneys<br><br>Scott J. Helfand<br>Scott.Helfand@huschblackwell.com<br>Husch Blackwell LLP<br>120 South Riverside Plaza, Suite 2200<br>Chicago, IL 60606<br>Telephone:  (312) 655-1500<br>Facsimile:  (312) 655-1501 |

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 31, 2021, he served this **DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF NON-FILING OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** on All Attorneys of Record. This pleading was served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]  Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: March 31, 2021

/s/ John C. Ochoa